# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-7

**Caption [use short title]**

**Motion for:** Leave to File a Corrected Brief

Set forth below precise, complete statement of relief sought:

Appellee Sheila J. Poole seeks (i) permission to file a corrected version of her brief to correct an inadvertent factual error and (ii) permission to waive submission of hard copies of her original brief.

Elisa W., et al. v. City of New York, et al.

**MOVING PARTY:** Appellee Sheila J. Poole          **OPPOSING PARTY:** Elisa W., et al.

☐ Plaintiff   ☐ Defendant
☐ Appellant/Petitioner   ☑ Appellee/Respondent

**MOVING ATTORNEY:** Elizabeth A. Brody          **OPPOSING ATTORNEY:** Antony L. Ryan

[name of attorney, with firm, address, phone number and e-mail]

New York State Office of the Attorney General
28 Liberty St., New York, NY 10005
(212) 416-6167; elizabeth.brody1@ag.ny.gov

Cravath, Swaine & Moore LLP
Worldwide Plaza, 825 Eighth Ave., New York, NY 10019
(212) 474-1000; aryan@cravath.com

**Court- Judge/ Agency appealed from:** SDNY - Judge Kimba M. Wood

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes   ☑ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No   If yes, enter date:

**Signature of Moving Attorney:**
/s/ Elizabeth A. Brody   **Date:** 7/21/2022   **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

AYANNA J., by her next friend,
MEYGHAN MCCREA, et al.,

    *Plaintiffs-Appellants*,

              v.                No. 22-7

THE CITY OF NEW YORK, et al.,

    *Defendants-Appellees*,

STATE OF NEW YORK, et al.,

    *Defendants*,

THE LEGAL AID SOCIETY, et al.,

    *Intervenors*.

## DECLARATION IN SUPPORT OF MOTION OF APPELLEE SHEILA J. POOLE TO FILE A CORRECTED BRIEF

ELIZABETH A. BRODY, an attorney duly admitted to practice in this Court, declares the following under penalty of perjury, 28 U.S.C. § 1746:

1. I am an Assistant Solicitor General in the Office of the Attorney General of the State of New York, counsel for appellee Sheila J. Poole ("state appellee"). I make this declaration based on my review of this Office's files and on my communications with other personnel at this Office. I make this declaration in support of state appellee's motion (i) for

leave to file a corrected version of her brief, originally filed on July 19, 2022, at ECF No. 78, to correct an inadvertent error and (ii) for permission to waive submission of hard copies of the original brief. This motion is unopposed.

2. Shortly after state appellee filed her responsive brief, counsel for state appellee realized that the brief incorrectly stated that class counsel "have never actually met with the named plaintiffs in this litigation." Page Proof Br. for Appellee Sheila J. Poole (Poole Br.) at 38 (citing Reply in Supp. of Pls.' Renewed Mot. for Class Certification at 2 (Apr. 1, 2021), S.D.N.Y. ECF No. 533); *see also id.* at 3, 19. The brief instead should have stated that class counsel "never actually met with the named plaintiffs in this litigation prior to filing this lawsuit."

3. State appellee seeks to correct this inadvertent error by filing a corrected version of her brief, which will incorporate the corrections on the redlined pages attached hereto as Exhibit A.

4. Other than the changes reflected in Exhibit A, the corrected version of state appellee's brief to be filed is identical to the original version.

5. Counsel for state appellee notified counsel for plaintiffs-appellants and counsel for appellee the City of New York of this error,

and of her intent to submit this motion, less than twenty-four hours after filing her brief. Plaintiffs-appellants' reply brief is currently due on Tuesday, August 9, 2022.

6.   In light of the foregoing, state appellee also respectfully requests permission to waive submission of hard copies of the original brief.

Dated:   New York, New York
         July 21, 2022

                                        /s/ Elizabeth A. Brody
                                        ELIZABETH A. BRODY


Word Count: 348

# EXHIBIT A

their injuries are traceable to class-wide policies rather than to individual circumstances.

Denial of class certification may also be affirmed on several independent grounds not reached by the district court. As defendants argued below, the named plaintiffs do not adequately represent the class because at least some of the relief named plaintiffs seek—namely, earlier and more frequent petitions to terminate parental rights—is squarely contrary to relief sought by prospective class members seeking family reunification. And class counsel's representation is inadequate because, among other things, counsel ~~have~~ never met with any of the named plaintiffs prior to filing this lawsuit. Separately, plaintiffs have not established that an injunction requiring OCFS to exercise its oversight responsibility in plaintiffs' preferred manner is appropriate, as is required to certify a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

Finally, the district court also properly declined to certify either of plaintiffs' two proposed subclasses. Plaintiffs forfeited any argument with respect to subclasses by failing to brief the issue below. Plaintiffs have also failed to show that either of the subclasses satisfies Rule 23's requirements or can properly be certified as against the state defendant.

3

failed to establish that their injuries flowed from the state defendant's (undefined) oversight policies.

This Court may also affirm on several alternative grounds that the district court did not reach. As defendants argued below, plaintiffs and their counsel do not adequately represent the class. There is no evidence that class counsel ~~have~~ met with the named plaintiffs <ins>prior to filing this lawsuit</ins> or that the named plaintiffs seek relief consistent with the interests of all class members. Separately, plaintiffs have not established that injunctive relief against Commissioner Poole is appropriate, as required by Rule 23(b)(2).

Finally, the district court properly declined to certify plaintiffs' proposed subclasses. Plaintiffs plainly forfeited this issue by setting forth no argument or evidence below that the proposed subclasses satisfy Rule 23's requirements. In any event, the subclasses could not be certified with respect to the state defendant because the subclasses' claims arise out of violations of municipal policy rather than federal statutes. The subclasses also suffer from many of the same defects as the general class, including lack of commonality and adequacy.

## C. The District Court's Denial of Class Certification May Also Be Affirmed on Alternative Grounds.

The state defendant raised numerous arguments in opposition to plaintiffs' class certification motion below, including that plaintiffs and their counsel do not adequately represent the proposed class, *see* Fed. R. Civ. P. 23(a)(4), and that plaintiffs have not established that OCFS has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," *see id.* 23(b)(2). (*See* ECF 497 at 33-39.) The district court did not reach these grounds, in light of its rulings on commonality and typicality. (SPA. 16.) Either ground provides an independent alternative basis to affirm the denial of class certification here. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 405 (2d Cir. 2006) (this Court is "free to affirm a decision on any grounds supported in the record, even if it is not one on which the trial court relied").

*First,* plaintiffs and their counsel will not "fairly and adequately protect the interests" of all children who are or will be in the New York City foster care system, *see* Fed. R. Civ. P. 23(a)(4), because, among other things, class counsel ~~have~~ never actually met with the named plaintiffs in this litigation <ins>prior to filing this lawsuit</ins> (*see* ECF 533 at 8). Rule 23(a)'s

38